UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLA COLEMAN, as Special Administrator for the Estate of Chinester Coleman,<br>Plaintiff,<br>v.<br>U.S. BANK NATIONAL ASSOCIATION,<br>Defendant. | No. 2:26-cv-3536 TLN AC (PS)<br><br>ORDER and<br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. Pre-trial proceedings are accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff filed a request for leave to proceed in forma pauperis ("IFP") and submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP (ECF No. 2) is GRANTED. Plaintiff also filed a motion for a temporary restraining order. ECF No. 3. For the reasons set forth below, the undersigned recommends that the motion for a temporary restraining order be DENIED and that this case be DISMISSED.

**I. Screening**

A. Standards

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

B. The Complaint

Plaintiff brings this case "solely in her representative capacity as Special Administrator of

the Estate of Chinester Coleman." ECF No. 1 at 2. Plaintiff is the daughter of Chinester Coleman. ECF No. 3-4 at 8. "This is an action for declaratory and equitable relief arising from an actual and continuing controversy concerning a reverse-mortgage obligation executed by the late Chinester Coleman, the identity and authority of the person or entity entitled to enforce that obligation, the legal effect of tender made on behalf of the Estate, defenses and claims in recoupment, credits and satisfaction arising from the foreclosure transaction, and the amount, if any, remaining enforceable upon the obligation." ECF No. 1 at 2.

The reverse-mortgage at issue was executed by Chinester Coleman, with Deed of Trust recorded on January 26, 2006, identifying Chinester Coleman as the trustor. ECF No. 1 at 6. "Karla Coleman [plaintiff] was not the borrower, trustor, maker, or original obligor upon that transaction." Id. During probate proceedings, the "Estate sought to resolve the claimed obligation conditioned upon identification of the party legally entitled to receive and enforce payment and an accurate accounting of the amount properly due." Id. at 8. The Estate attempted to tender payment on the obligation, but that payment was refused. Id. A foreclosure sale occurred on August 14, 2025, and a Trustees Deed Upon Sale was recorded on or about September 3, 2025. Id. at 9. The Trustee's Deed identifies U.S. Bank N.A. as grantee and as the "Foreclosing Beneficiary." Id. at 9-10. Plaintiff asserts that U.S. Bank has "not provided the Estate with a complete accounting identifying whether the $365,000 transaction was a cash bid, credit bid, or other satisfaction; whose obligation was credited; how that credit was posted; or what amount Defendants contend remained enforceable thereafter." Id. at 11. Plaintiff disputes U.S. Bank's right to possess the property at issue and seeks entry of multiple declaratory judgments related to the respective rights of the Estate and U.S. Bank regarding the property. Id. at 13-19.

C. Analysis

This case may not proceed because all claims belong to the Estate of Chinester Coleman and not to plaintiff personally, yet plaintiff has filed the complaint in pro se. In federal court, "parties may plead and conduct their own cases personally or by counsel ...." 28 U.S.C. § 1654. However, "[i]t is well established that the privilege to represent oneself pro se provided by § 1654

is personal to the litigant and does not extend to other parties or entities." Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008). Courts follow a "general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity." Id. This rule applies to non-attorney executors, administrators, and personal representatives seeking to represent a decedent's estate. See id. at 666 (citing Jones v. Corr. Med. Servs., 401 F.3d 950, 951-52 (8th Cir. 2005) (non-attorney administrator of decedent's estate may not proceed pro se on behalf of estate); Iannaccone v. Law, 142 F.3d 553, 559 (2nd Cir. 1998) (administrator of estate may not appear pro se on behalf of estate); Pridgen v. Andresen, 113 F.3d 391, 393 (2nd Cir. 1997) (executrix may not appear pro se on behalf of estate)).

While a representative of a decedent's estate may pursue federal litigation on behalf of the estate, this must be done through counsel. Only a licensed attorney may plead and prosecute the estate's claims. Because plaintiff may not represent her father's estate in pro se, the complaint she has filed purportedly on behalf of the estate must be dismissed and the request for a temporary restraining order must be denied. Dismissal should be without prejudice to the filing of a complaint by counsel.

## II. Leave to Amend is Not Appropriate

Leave to amend is not appropriate in this case. Ordinarily, pro se litigants are granted liberal leave to amend. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). Here, given the defects described above, the undersigned finds that leave to amend would be futile.

## III. Pro Se Plaintiff's Summary

You have been granted permission to proceed without paying the filing fee. However, the Magistrate Judge is recommending that your case be dismissed and your motion for a temporary restraining order be denied because you cannot represent the claims of an estate; only an attorney can represent the estate. You may object to this recommendation within 21 days, if you wish to do so. The District Judge will make the final decision.

////

## IV. Conclusion

For the reasons explained above, plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED. However, it is RECOMMENDED that the motion for a temporary restraining order (ECF No. 3) be DENIED) and the complaint (ECF No. 1) be DISMISSED without prejudice, and the case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: October 14, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE